ROBERT L. BLAND, Judge,
dissenting.
The facts certified to this court by the state road commission in support of its concurrence in the claim involved in this case are as follows:
“On Sept. 15, 1947, between 8:00 and 9:00 o’clock P. M., in company of James Vaughn, Buster Clay and Rev. W. E. Jackson, Claimant, while crossing a bridge on Secondary Rt. No. - *177 spanning Buffalo Creek, near Lundale, Logan County, stepped into a large hole in the flooring, causing his left foot, leg and upper part of his body to drop, injuring his leg, which still causes him pain. Doctor bills amounting to $_, plus compromise figure of $ _ for injuries, bring claim to $100.00 which will be in full settlement of injuries sustained.”
Upon the above facts the case is informally considered by the court of claims and an award made in favor of claimant by majority members. In view of the holding of the Supreme Court of Appeals of West Virginia in the recent mandamus action of Jacob F. Bennett v. State Auditor, I regard the above facts as insufficient to warrant an appropriation of the public funds and most respectfully dissent to the award made.
It will be observed that the actual settlement of the claim is made by respondent and the attorney general’s office. The award in question is merely a ratification of their action.
Why was the hole in the bridge allowed to exist by the road commission? How long had it existed before the accident? Why was it not repaired? Did the claimant know of the presence of the hole? Was he guilty of contributory negligence?
The public funds are not to be indifferently appropriated by the Legislature.
I respectfully record this my dissent to the award made.